

**NUMBER 13-14-00123-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAUL TREVINO LARA JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

## ORDER ABATING APPEAL

### Before Justices Rodriguez, Garza, and Longoria
### Order Per Curiam

This cause is before the Court on two motions filed by appellee, the State of Texas. Appellee has filed:  (1) a "Motion for Release of Particular Reporter's Record Transcripts," (2) a "Motion for Unsealing of Certain Reporter's Record Volume," and (3) a Motion for Abatement of Appeal."  These motions are not opposed by appellant, Raul Trevino Lara Jr.  As stated herein, we abate and remand this cause to the trial court for

proceedings pertaining to the preparation of the record.

According to the appellee's motion for release, the bound reporter's record volumes for this cause as filed and maintained by the District Clerk of Hidalgo County, Texas are "misnumbered and are incomplete in that they do not memorialize all proceedings in the trial court." Further, the portable memory device submitted to and maintained by the District Clerk does not include transcripts of all proceedings in the trial court. Appellee thus states that the record currently fails to contain all information necessary for it to prepare a brief in this matter and requests that we direct the Clerk of this Court to release the reporter's records as filed in this Court for the proceedings in the trial court conducted on December 20, 2012 and June 17, 2013, or in the alternative, to direct the court reporter to file those same records with the District Clerk.

According to appellee's motion for unsealing of a certain reporter's record volume, a specific volume of the reporter's record is sealed and the "District Clerk of Hidalgo County, Texas, will not disclose the nature or substance of the sealed record volume." Appellee thus requests that we allow it to examine the sealed record, and further requests that if the sealed record is not within the appellate record, that we direct the District Clerk to forward the record to this Court for filing. We note that the record as currently filed with this Court contain a sealed record regarding a hearing held on December 16, 2013 pertaining to the disqualification of a juror.

By motion for abatement, appellee seeks to abate this appeal until a supplemental reporter's record has been filed. According to the appellee, the current record fails to include any exhibits offered into evidence and admitted at the suppression hearing.

2

We previously abated this case because the reporter's record was incomplete. Since that time, numerous volumes have been filed with this Court. However, based on the motions currently subject to consideration, the record as filed with the District Clerk is not the same record that was filed with this Court as the appellate record. *See* TEX. R. APP. P. 34.6(h) ("In a criminal case in which a party requests a reporter's record, the court reporter must prepare a duplicate of the reporter's record and file it with the trial court clerk."). The two sets of records should be the same. *See id.*

This situation requires us to effectuate our responsibility to avoid further delay and to preserve the parties' rights. *See id.* R. 37.3(a)(1). Accordingly, this appeal is ABATED and the cause REMANDED to the trial court. Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine if the reporter's record is complete and accurate and shall make appropriate findings regarding this issue. *See id.* R. 34.6(e),(f). The trial court shall also determine which portions of the record are sealed and why, and whether the parties to this appeal should be given access to the sealed records. Otherwise, the trial court shall determine what steps are necessary to ensure the prompt preparation of a complete reporter's record and shall enter any orders required to avoid further delay, to preserve the parties' rights, and to ensure that all copies of the appellate record are identical and complete.

The trial court shall prepare and file its findings and orders and cause them to be included in a supplemental clerk's record which should be submitted to the Clerk of this Court within thirty days from the date of this order. Appellee's motion for release of the reporter's records, motion for unsealing, and motion for abatement are GRANTED in part

3

to the extent specified in this order of abatement and DENIED in part as to all other relief requested.

It is so ordered.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of June, 2015.

4